UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZURAB SAAMISHVILI,

                         Petitioner,

-against-

BRYAN FLANAGAN, et al.,

                         Respondent.

**TRANSFER ORDER**

25-cv-9181 (ER)

RAMOS, D.J.:

       Petitioner, who is detained at the Brooklyn MDC, in Brooklyn, New York, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his ongoing immigration proceedings. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**I.     DISCUSSION**

       In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is detained at the Brooklyn MDC, which is located in the judicial district of the Eastern District of New York. 28 U.S.C. § 112.

       Accordingly, in the interest of justice, this Court transfers this petition to the United States District Court for the District of Eastern District of New York. *See* 28 U.S.C. §§ 1404(a), 14066(a).

## II. CONCLUSION

The Court directs the Clerk of Court to transfer this action to the Eastern District of New York. To ensure that Petitioner has an opportunity to have this petition considered by the Eastern District of New York, and to preserve the status quo, **the Court enjoins the government from removing Petitioner from a facility within this District or the Eastern District of New York**. *See Khalil v. Joyce*, 771 F. Supp. 3d 268, 291 (S.D.N.Y. 2025) ("[T]o ensure that Khalil gets an opportunity to have his Petition and these motions considered by a court in the normal course — and to preserve the status quo — the Court's March 10, 2025 Order barring the Government from removing him (to which the Government has never raised an objection and which the Government has not asked the Court to lift in the event of transfer) shall similarly remain in effect unless and until the transferee court orders otherwise.").

The Court waives Local Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case.

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this Order has been issued at the following email address: jeffrey.oestericher@usdoj.gov.

This order closes the case in the Southern District of New York.

SO ORDERED.

Dated:   November 5, 2025
         New York, New York

_____
EDGARDO RAMOS
United States District Judge